LYDIA EMERY, wife of Nicholas Emery, by her next friend, vs. ANDREW VANSICKEL and others.

A married woman, owning real estate by devise from her father, obtained an injunction against a purchaser of the real estate under execution against her husband, restraining him from proceeding with a suit at law to recover the possession of the property. On a motion to dissolve this injunction, it was *held*, that as the wife's claim to protection was founded on her allegation, that by her father's will the real estate was devised to her sole and separate use, and that her husband had no estate in the land which could be the subject of a levy and sale at law ; if that be so the wife has a valid and complete defence at law, and there is no need of the intervention of this court to protect her interest.

The claim of the wife, that if the purchaser under the executions be permitted to proceed with his suit, it would result in defeating the intention of testator as to his widow, by depriving her of the home which by the will he directed she should enjoy with his daughter on the premises in question cannot avail her in this suit. So far as these considerations establish any legal right in the widow, they are available only in her behalf and at her instance. The complainant cannot by her bill enforce the legal or equitable rights of another.

An injunction having been granted on filing the bill, the defendant answered the bill, and now moves to dissolve the injunction.

*Van Fleet*, for the motion.

*Allen* and *Vansyckle*, contra.

THE CHANCELLOR. The bill is filed on behalf of the wife of Nicholas Emery, to protect her interest in certain real estate devised to her by her father, George Apgar, deceased, against the claim of a purchaser of the real estate under executions against her husband. The testator died on the twenty-ninth of July, 1846, seized of the land so devised to the complainant, and of which, as the bill alleges, she is now in possession. The bill charges that judgments at law have been recovered against the said Nicholas Emery, and executions issued thereon, and that by virtue thereof the right,

Emery *v.* Vansickel.

title, interest, and estate of the said Nicholas Emery in the lands devised to the complainant were levied upon, sold, and conveyed to Andrew Vansickel, the defendant, by deed dated on the 16th of June, 1862, and that an action of ejectment has been commenced in the Supreme Court against the said Nicholas Emery for the recovery of the possession of the said premises. The prayer of the bill is, that the plaintiff in ejectment be enjoined against proceeding further in his action for the recovery of the said premises, and from instituting any new action for that purpose.

The first ground upon which the injunction is sought to be sustained is, that by the terms of the devise and the true construction of the will of the said George Apgar, the land was devised to the complainant for her sole and separate use, and that the husband has no interest or estate therein which can be the subject of levy and sale at law, or by virtue of which she can be disturbed in the possession and enjoyment of her estate. If this be so, it is obvious that the complainant has a valid and complete defence at law where the action is now depending. It appears, by the answer, that she has been admitted as a defendant to defend the action of ejectment in her own name. The defence, therefore, upon this ground is as available at law as in equity. It appears to me that if the fifth clause of the will be available for the protection of the rights of the wife at the present stage of the controversy, it must be on the ground that it manifests an intent, on the part of the testator that she should take the land for her sole and separate use, and that the husband has no estate therein. If the clause be susceptible of any other construction in favor of the complainant, I think it affords no ground for interfering with the investigation and determination on the legal rights of the parties in a court of law.

The second ground for the continuance of the injunction is, that the intention of the testator in regard to the provisions made for his widow, the mother of the complainant, cannot be carried into effect if the complainant is removed from the premises. The bill alleges that the widow is aged

and infirm, and requires the care and protection of the com-. plainant; that it was the design of the testator not only to provide for his widow a home upon the farm, but to secure to her, *at that home,* the care and attention which a daughter only would bestow; and that the widow has a right to have her board and to receive this care upon the farm and from the complainant, and not elsewhere or at the hands of strangers. So far as these considerations may serve to establish any legal right in the widow, they are available only in her behalf and at her instance. The complainant cannot by her bill enforce the legal or equitable rights of another. They can strengthen the case of the complainant only so far as they may serve to indicate the intention of the testator as to the character of the estate which his daughter should take in the land devised. In this view it involves simply a question of legal title. It raises no equity in favor of the daughter.

The injunction was granted under an apprehension that the terms of the will, which are peculiar and to some extent conflicting, created a trust in favor of the complainant aside from the legal estate devised, which it was the peculiar province and duty of this court to protect, and in regard to which the rights of the complainant might be prejudiced by a recovery at law. I think this was a misapprehension of the case. There can be no advantage derived from holding the case till a final hearing.

The injunction must be dissolved and the bill dismissed.